UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KEVIN FALLEN and THOMAS H. BANKS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADI WORLDLINK, LLC D/B/A WORLDLINK and THE GOAL, INC.,<br><br>Defendants. | COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMAND<br><br>1:15CV1500-TSE/IDD |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Kevin Fallen and Thomas H. Banks file their Original Collective Action Complaint against Defendants ADI Worldlink, LLC D/B/A Worldlink and The Goal, Inc. for themselves and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying the Plaintiffs overtime, Defendants paid all of its IMP Engineers a salary and improperly classified them as exempt from overtime compensation. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## PARTIES

1. Kevin Fallen is an individual who worked for Defendants primarily in the state of Indiana. Plaintiff Fallen's written consent to this action is attached hereto as Exhibit A.

2. Thomas H. Banks is an individual who worked for Defendants primarily in the state of Wisconsin. Plaintiff Banks' written consent to this action is attached hereto as Exhibit B.

3. ADI Worldlink, LLC D/B/A Worldlink ("Worldlink") is a Delaware Corporation which goes by the assumed name Worldlink. Worldlink's principal place of business is 3880

1

Parkwood Blvd., Suite 204, Frisco, Texas 75034. Worldlink may be served with citation by serving its registered agent Kerri G. Nipp at 300 Crescent Court, Suite 1350, Dallas, Texas 75201.

4. The Goal, Inc. ("The Goal") is a Virginia company which goes by the assumed name The Goal. The Goal's principal place of business is in Reston, Virginia. The Goal may be served with process by serving its Chief Executive Officer Mark Simons, at 11921 Freedom Drive, Ste. 920, Reston, Virginia 20190.

5. Worldlink and The Goal (collectively, "Defendants") function and/or functioned as a staffing service for Samsung with respect to Plaintiffs.

6. Plaintiffs worked throughout the greater Midwest including in Illinois, Indiana, Wisconsin, Iowa, Nebraska, and Minnesota. The vast majority of the Plaintiffs worked in multiple states on behalf of Defendants.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in the Eastern District of Virginia pursuant to the venue selection clause in parties' Employment Agreement.

## FLSA COVERAGE

9. At all material times, Defendants have been employers within the meaning of § 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendants have been enterprises within the meaning of § 3(r) of the FLSA. 29 U.S.C. § 203(t).

11. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

13. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## PLAINTIFFS' WORK AND PAY

14. Plaintiffs incorporate by reference all preceding paragraphs.

15. Defendants employed Plaintiffs as so-called IMP Engineers, Field Engineers, and Field Techs ("IMPs") earning approximately $90,000 per year. Plaintiffs followed established processes repetitively to build telecommunications infrastructure for Sprint. IMPs frequently worked in multiple states with job duties being virtually identical in each state.

16. Plaintiffs Fallen and Banks, like their fellow IMPs, were required to follow procedures called Methods of Procedures ("MOPs"). The MOPs outlined the tasks to perform a job function in a step-by-step manner and often with illustrations to guide the IMPs. The IMPs' most important job duty was to follow the MOPs so the cell sites they were working on would function correctly.

17. IMPs with little or no experience were taught their jobs by repetitively performing their job duties. It took only six weeks to train an IMP with little or no prior experience to perform his or her job.

3

18. IMPs performed hardware installations, which included the physical installation of routers, batteries, surge protectors, power supplies, base stations, and connecting cabling between equipment.

19. IMPs used many tools in performing their jobs including cable cutters, crimpers, screwdrivers, ladders, pliers, wrenches, colored tape, and zip ties.

20. IMPs were required to use and have safety equipment at all times. This equipment included, a hard hat, safety shoes, safety glasses, and a first aid kit.

21. IMPs also followed Samsung processes to install software at the cell sites known as "scripts." The purpose of installing the script was to establish a link with a remote control center known as "the Bridge." IMPs spent approximately thirty minutes installing the script software. IMPs spent a great deal of time on hold waiting in line as the Bridge attempted to remotely activate the cell site.

22. A vast majority of IMP time was spent filling out paperwork, driving to sites, manually installing hardware, or waiting on hold with the Bridge.

23. Almost all of the work IMPs were required to do was governed by very specific installation procedures.

24. The job did not require any particular skill in the computer field. Employees who had never done this type of work could learn the job in one to two months.

25. Plaintiffs' primary duties did not include management of two or more employees.

26. Plaintiffs' opinions regarding other employees were not solicited nor given any weight.

27. Plaintiffs' primary duties did not include the exercise of discretion or independent judgment to complete their work; instead, Plaintiffs followed a very specific operating procedure and were not allowed to deviate from those procedures.

28. Plaintiffs' duties do not require a prolonged course of intellectualized study and very little training was needed for the job.

29. Plaintiffs each worked for Defendants for periods ranging between six months and approximately two years.

30. Each Plaintiff worked weeks in excess of forty (40) hours per week multiple weeks during his or her employment.

31. Defendants classified each Plaintiff as an exempt employee under the FLSA.

32. Each Plaintiff was paid on a salary basis and did not receive any overtime premium for hours worked over forty (40) in a week.

33. Each Plaintiff was misclassified as exempt as their job duties do not meet the criteria of any exemption to the employers' requirement to pay an overtime premium for hours worked in excess of forty (40) in a week under the FLSA.

34. As a result of the failure to pay an overtime premium as alleged above, Defendants have underpaid the Plaintiffs wages and owe Plaintiffs in the amount of the unpaid overtime compensation.

35. Plaintiffs are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

36. Furthermore, Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs overtime compensation. Defendants'

decision to misclassify Plaintiffs and not to properly pay overtime compensation to the Plaintiffs was neither reasonable nor in good faith.

37. All actions by Defendants were willful and not the result of mistake or inadvertence.

38. Defendants knew Plaintiffs were working more than forty (40) hours per week because Defendants scheduled their start times and received end-of-day reports.

39. Defendants knew or should have known about its obligation to pay Plaintiffs for the overtime hours they worked on a regular basis.

40. Defendants are aware of Department of Labor regulations.

41. On information and belief, Defendants willfully misclassified its IMP employees as "administrative" or "computer professionals" when their actual job duties do not qualify for those exemptions.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

43. Plaintiffs have actual knowledge that Collective Action Members have also been denied overtime pay for hours worked over forty hours per workweek. Plaintiffs worked with and communicated with other IMPs. As such, they have first-hand personal knowledge of the same pay violations throughout Defendants' locations.

44. Other IMPs similarly situated to the Plaintiffs have worked for Defendants, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded 40 hours per workweek. Upon information and belief, there are at least forty IMPS in the Midwest that have been victimized by a single decision by Defendants to classify all IMPs as exempt from overtime compensation.

6

45. Although Defendants permitted and/or required the Collective Action Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

46. Collective Action Members are not exempt from receiving overtime pay as required by the FLSA.

47. As such, Collective Action Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime.

48. Defendants paid other IMPs under a similar compensation plan as Plaintiffs.

49. Defendants' refusal to pay IMPs the required overtime premium for hours worked over forty (40) in a workweek results from generally applicable polies or practices, and does not depend on the personal circumstances of the Collective Action Members.

50. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Action Members.

51. Although the exact amount of damages may vary among Collective Action Members, the damages for the Collective Action Members can be calculated by a simple formula. The claims of all Collective Action Members arise from a common nucleus of facts. Liability is based on a systemic course of wrongful conduct by Defendants that caused harm to all Collective Action Members by denying them their lawfully earned wages.

52. As such, the FLSA opt-in group of similarly situated Plaintiffs is properly defined as follows:

> **All current or former IMP Engineers, Field Engineers, and Field Technicians who worked for Defendants The Goal and Worldlink at any time during the three years period prior to the filing of this action.**

53. All IMPs nationwide are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay provisions, and employment practices.

54. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the putative collective action members. Thus, Plaintiffs' experiences are typical of the experiences of the putative collective action members.

## RECORD KEEPING VIOLATIONS

55. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

56. Defendants failed to keep adequate records of Plaintiffs' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

57. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a) The time of day and day of week on which the employees' work week begins;
   b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;
   c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;
   d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";
   e) The hours worked each workday and total hours worked each workweek;
   f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;
   g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;
   h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;
   i) The dates, amounts, and nature of the items which make up the total additions and deductions;
   j) The total wages paid each pay period; and
   k) The date of payment and the pay period covered by payment.

8

29 C.F.R. 516.2, 516.5.

58. Defendant has not complied with federal law and has failed to maintain such records with respect to the Plaintiffs. Because Defendant's records are inaccurate and/or inadequate, Plaintiffs can meet their burden under the FLSA by proving that they in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

### COUNT I
### (Class Wide Violations of Federal Fair Labor Standards Act)
### 29 U.S.C. § 201 *ET SEQ.*

59. Plaintiffs re-allege and reassert each and every allegation set forth in the paragraphs above as if each were set forth herein.

60. Defendants are employers of Plaintiffs and all others similarly situated for purposes of the FLSA.

61. Plaintiffs and all others similarly situated were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants met the definition of "employer" under FLSA, 29 U.S.C. § 207(a)(2).

62. Defendants were entities engaged in interstate commerce.

63. The FLSA requires employers to pay employees wages that compensate the employees for overtime hours worked per week in excess of forty (40) at an hourly rate not less than one-and-one half (1½) times their regular rate of pay.

64. Plaintiffs and all other similarly situated individuals regularly worked uncompensated overtime hours, with the actual and/or constructive knowledge of Defendants.

65. Defendants failed to compensate Plaintiffs and all other similarly situated individuals at a rate of time and a half their normal pay rate for all hours over forty that they worked each workweek.

66. Defendants regularly and willfully violated the FLSA by not paying Plaintiffs and all other similarly situated individuals overtime wages for all hours each employee was required and/or "suffered or permitted" to work over 40 (forty) hours each week.

67. Defendants' failure and refusal to pay Plaintiff and others similarly situated as required by the FLSA was willful, and was not in good faith.

## VIOLATIONS OF ILLINOIS LAW

68. Plaintiffs re-allege and reassert each and every allegation set forth in the paragraphs above as if each were set forth herein.

69. Defendants are employers of Plaintiffs and all others similarly situated for purposes of the Illinois Minimum Wage Law.

70. The Illinois Minimum Wage Law requires that no employer may employ a person for more than 40 hours a week unless an overtime premium of at least one-and-one-half times the regular rate at which the employee is employed, unless an exemption applies to that worker. 820 ILCS 105/4a.

71. Plaintiffs were employees of the Defendants who were employed for more than 40 hours in a workweek while employed in Illinois.

72. Plaintiffs' job duties did not meet any exemption to payment of overtime provided in the Illinois Minimum Wage Law.

73. Despite this, Defendants classified the Plaintiffs as exempt employees and did not pay the Plaintiffs at least one-and-one-half times their regular rate.

74. This failure to pay the required overtime rate is a violation of the Illinois Minimum Wage Law and an underpayment of the Plaintiff's wages.

75. Plaintiffs and all other similarly situated individuals regularly worked uncompensated overtime hours, with the actual and/or constructive knowledge of Defendants.

76. Defendants failed to compensate Plaintiffs and all other similarly situated individuals at a rate of time and a half their normal pay rate for all hours over forty that they worked each workweek.

## DAMAGES SOUGHT - FLSA

77. Plaintiffs are entitled to recover their unpaid overtime compensation.

78. Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

79. Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## DAMAGES SOUGHT – ILLINOIS MINIMUM WAGE LAW

80. Plaintiffs are entitled to recover their unpaid compensation. 820 ILCS 105/12.

81. Plaintiffs are also entitled to recover their costs and attorney's fees. 820 ILCS 105/12.

82. Plaintiffs are also entitled to recover damages of 2% of the amount of the underpayment for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 105/12.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court certify this suit as a collective action under the FLSA on behalf of all those similarly situated to Plaintiffs, and

demand judgment against Defendants, jointly and severally, under the FLSA in the amounts of unpaid regular and overtime compensation due Plaintiffs, additional equal amounts as liquidated damages, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs of court.

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

Dated: November 13, 2015

Respectfully,

Joshua Erlich, VA Bar No. 81298
Benjamin W. Owen, VA Bar No. 86222
Davia Craumer, VA Bar No. 87426
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: jerlich@erlichlawoffice.com
bowen@erlichlawoffice.com
dcraumer@erlichlawoffice.com

*Counsel for Plaintiffs*

## FLSA ACTION CONSENT FORM

I, Kevin Fallen, hereby consent to being named as a party Plaintiff to this Action and consent and agree to pursue my claims arising out of unpaid overtime as an employee of Defendants in connection with this Action.

*Kevin Fallen*
_____
Kevin Fallen

## FLSA ACTION CONSENT FORM

I, Thomas H. Banks, hereby consent to being named as a party Plaintiff to this Action and consent and agree to pursue my claims arising out of unpaid overtime as an employee of Defendants in connection with this Action.

*Thomas H. Banks*
_____
Thomas H. Banks